## WATSON B. METCALFE *v.* IRENE SANDFORD ET AL.
### (AC 24097)

Foti, Flynn and Peters, Js.

Argued November 17, 2003—officially released January 13, 2004

*Sonia T. Larossa*, with whom, on the brief, was *Miles F. McDonald, Jr.*, for the appellant (plaintiff).

*James A. Fulton*, for the appellees (named defendant et al.).

*Opinion*

FOTI, J. The plaintiff, Watson B. Metcalfe, appeals from the judgment rendered by the trial court dismissing his appeal from the Probate Court for the district of Greenwich. The plaintiff brought the appeal from

probate under General Statutes § 52-592,[1] the accidental failure of suit statute, seeking to reinstitute a prior probate appeal against the defendants.[2] The plaintiff claims that the trial court, in granting the defendants' motion to dismiss, improperly determined that § 52-592 did not apply to the action. We affirm the judgment of the trial court.

The testatrix, Mary Jane Watson, died on February 10, 2000. On February 5, 2001, the Probate Court issued a decree admitting to probate Watson's February 5, 2000 will. The plaintiff, claiming to be a beneficiary under a 1962 will executed by the testatrix, appealed from the decree to the Superior Court, alleging, as one of his claims of error, that the testatrix lacked the testamentary capacity to execute the 2000 will. The defendants filed a motion to dismiss the appeal, arguing, among other things, that the appeal had not been served timely and filed properly in the Superior Court. On August 1, 2001, the trial court granted the motion to dismiss, finding that although "service was properly effectuated pursuant to [General Statutes] § 52-60 on March 9, 2001 . . . such service was untimely as it

[1] General Statutes § 52-592 (a) provides: "If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits because of insufficient service or return of the writ due to unavoidable accident or the default or neglect of the officer to whom it was committed, or because the action has been dismissed for want of jurisdiction, or the action has been otherwise avoided or defeated by the death of a party or for any matter of form; or if, in any such action after a verdict for the plaintiff, the judgment has been set aside, or if a judgment of nonsuit has been rendered or a judgment for the plaintiff reversed, the plaintiff, or, if the plaintiff is dead and the action by law survives, his executor or administrator, may commence a new action, except as provided in subsection (b) of this section, for the same cause at any time within one year after the determination of the original action or after the reversal of the judgment."

[2] The defendants who are the appellees in this appeal are Gretchen Pulvermann, executrix of the decedent's estate, and Irene Sandford and Robert Peterson, beneficiaries under the decedent's will. Other individuals who were named as defendants are not involved in this appeal. We refer in this opinion to Pulvermann, Sandford and Peterson as the defendants.

occurred more than thirty days after the Probate Court's order and decree."[3] No appeal was filed as a result of that judgment dismissing the original probate appeal.

By complaint filed October 10, 2001, the plaintiff commenced his action under § 52-592 seeking to reinstitute the original probate appeal. On August 8, 2002, the defendants filed a motion to dismiss[4] the action for lack of subject matter jurisdiction, arguing that the accidental failure of suit statute does not allow the resurrection of probate appeals that have been dismissed previously and, in the alternative, that the statute cannot be applied to save this action because the action was not commenced within the time limited by law. On March 21, 2003, the trial court granted the motion. The court deemed the issue of whether § 52-592 applies to probate appeals to be immaterial to this case and noted that even if the statute were applicable, it would apply only to actions that had been commenced timely. The court stated that in the present case, the plaintiff had failed to commence his original probate appeal in a timely manner and, therefore, concluded that he could not rely on § 52-592 to "save this appeal . . . ." We agree.

"Where the trial court is presented with undisputed facts, as it was here, our review of its conclusions is plenary, as we must determine whether the court's con-

---

[3] General Statutes § 45a-186 (a) allows "[a]ny person aggrieved by any order, denial or decree of a court of probate in any matter" to appeal to the Superior Court. Pursuant to General Statutes § 45a-187 (a), an appeal under § 45a-186 "shall be taken within thirty days . . . ."

[4] Subject matter jurisdiction may be raised at any time. We note that although a motion to dismiss may not be the proper procedural vehicle for asserting that an action is not saved by General Statutes § 52-592, our Supreme Court has held that a trial court properly may consider a motion to dismiss in such circumstances when the plaintiff does not object to the use of the motion to dismiss. *Capers* v. *Lee*, 239 Conn. 265, 269–70 n.9, 684 A.2d 696 (1996). In the present case, because the plaintiff did not object to the use of a motion to dismiss, the court properly decided the motion on the merits.

clusions are legally and logically correct . . . ." (Internal quotation marks omitted.) *Gillum* v. *Yale University*, 62 Conn. App. 775, 781, 773 A.2d 986, cert. denied, 256 Conn. 929, 776 A.2d 1146 (2001).

Section 52-592, the accidental failure of suit statute, allows a plaintiff to commence a new action for the same cause, within one year, if a prior action failed "to be tried on its merits" for a number of reasons. "The statute is considered a 'saving statute' because it permits plaintiffs to commence those causes of action to which it applies after the tolling of the applicable statute of limitation." Id. The statute "is designed to insure to the diligent suitor the right to a hearing in court till he reaches a judgment on the merits. Its broad and liberal purpose is not to be frittered away by any narrow construction." (Internal quotation marks omitted.) *Isaac* v. *Mount Sinai Hospital*, 210 Conn. 721, 733, 557 A.2d 116 (1989).

The statute clearly allows the commencement of a new action only after a condition has been met, namely, that the failed action must have been "commenced within the time limited by law . . . ." General Statutes § 52-592 (a). The extension of time in § 52-592 applies to all cases in which an action *seasonably* begun has failed for the causes stated within the statute. *Isaac* v. *Mount Sinai Hospital*, supra, 210 Conn. 729–30. "Therefore, § 52-592 applies only when there has been an original action that has been commenced in a timely fashion." *Capers* v. *Lee*, 239 Conn. 265, 271, 684 A.2d 696 (1996).

As we have noted, no appeal was filed as a result of the ruling of August 1, 2001, dismissing the plaintiff's original appeal from probate. The court's uncontested finding, that the plaintiff did not timely commence his appeal from probate within the time permitted by statute, stands. Having failed to commence his original

probate appeal seasonably, the plaintiff cannot now avail himself of the benefit of the accidental failure of suit statute. Consequently, we conclude that the court properly dismissed the present action.[5]

The judgment is affirmed.

In this opinion the other judges concurred.

---

[5] Because we conclude as we do, it is unnecessary to decide whether § 52-592 applies to probate appeals.