WATSON B. METCALFE *v.* IRENE SANDFORD ET AL.
(SC 17145)

Borden, Norcott, Katz, Palmer and Vertefeuille, Js.

Argued September 9—officially released October 26, 2004

*Sonia T. Larossa,* with whom, on the brief, was *Miles F. McDonald,* for the appellant (plaintiff).

*James A. Fulton,* for the appellees (named defendant et al.).

### Opinion

BORDEN, J. The dispositive issue in this certified appeal is whether an appeal from a decree of a Probate Court is an "action" within the meaning of General

Statutes § 52-592 (a),[1] the accidental failure of suit statute. The plaintiff, Watson B. Metcalfe, appeals, following our grant of certification,[2] from the judgment of the Appellate Court, which affirmed the trial court's judgment dismissing his appeal from the order of the Probate Court admitting to probate the will of the testatrix, Mary Jane Watson.[3] *Metcalfe* v. *Sandford*, 81 Conn. App. 96, 97, 837 A.2d 894 (2004). The plaintiff's appeal from the Probate Court was preceded by a prior appeal that the trial court had dismissed. The plaintiff claims that the Appellate Court improperly concluded that he could not rely on § 52-592 (a) in this appeal because the plaintiff's prior appeal had not been timely filed. We conclude that an appeal from a Probate Court decree is not an "action" within the meaning of § 52-592 (a) and, accordingly, we affirm the judgment of the Appellate Court, albeit on grounds different from those relied on by that court.

The plaintiff filed an appeal with the Superior Court from a Probate Court decree admitting to probate the testatrix's will. The trial court dismissed the probate appeal on the ground that it had not been timely served and filed. The plaintiff then filed this probate appeal pursuant to § 52-592 (a). The trial court dismissed the second probate appeal on the ground that the plaintiff

---

[1] General Statutes § 52-592 (a) provides in relevant part: "If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits because of insufficient service . . . the plaintiff . . . may commence a new action . . . for the same cause at any time within one year after the determination of the original action . . . ."

[2] We granted the plaintiff's petition for certification to appeal limited to the following issue: "Did the Appellate Court properly affirm the judgment of the trial court dismissing the plaintiff's appeal from the Probate Court?" *Metcalfe* v. *Sandford*, 268 Conn. 910, 911, 845 A.2d 411 (2004).

[3] The defendants are Gretchen Pulvermann, the executrix of the decedent's estate, and Irene Sandford and Robert Peterson, beneficiaries under the testatrix's will. Other named defendants are not involved in this appeal. We refer, in this opinion, to Pulvermann, Sandford and Peterson as the defendants.

failed to meet the requirement of § 52-592 (a) that the first "action . . . [be] commenced within the time limited by law . . . ." The Appellate Court affirmed the judgment of the trial court. *Metcalfe* v. *Sandford,* supra, 81 Conn. App. 97.

This case arises out of decrees issued by the Probate Court on February 5, 2001, admitting to probate the testatrix's will dated February 5, 2000, and refusing to probate her will dated December 12, 1962. Claiming to be the sole surviving beneficiary of the will dated December 12, 1962, the plaintiff moved for and the Probate Court allowed an appeal from probate to the Superior Court. After the plaintiff filed the probate appeal with the Superior Court alleging, inter alia, that the attorney who had supervised the execution of the will was unauthorized to practice law in Connecticut and that the testatrix lacked the testamentary capacity to execute the will, the defendants moved to dismiss the appeal on the ground that it had not been timely served and properly filed. The trial court granted the motion to dismiss on August 1, 2001, finding that the service, which "was properly effectuated pursuant to [General Statutes] § 52-60 on March 9, 2001 . . . was untimely as it occurred more than thirty days after the Probate Court's order and decree."

The plaintiff did not appeal from the trial court's judgment dismissing the probate appeal. Instead, on September 18, 2001, the plaintiff instituted this second probate appeal pursuant to the accidental failure of suit statute. The defendants moved to dismiss the plaintiff's complaint for lack of subject matter jurisdiction, contending that: (1) § 52-592 (a) does not apply to probate appeals that previously have been dismissed; and (2) the statute could not save the original probate appeal because that appeal had not been commenced within the time limited by law. The trial court granted the motion to dismiss "because the original [probate]

appeal . . . was not commenced within the time allowed for an appeal from a decree of the Probate Court." The Appellate Court affirmed the trial court's judgment, noting that, because the plaintiff had failed to appeal from the trial court's first judgment dismissing the plaintiff's original probate appeal, "[t]he [trial] court's uncontested finding, that the plaintiff did not timely commence his appeal from probate within the time permitted by statute, stands." *Metcalfe* v. *Sandford*, supra, 81 Conn. App. 99.[4] This certified appeal followed.

The plaintiff claims that the Appellate Court improperly affirmed the trial court's judgment dismissing his probate appeal because: (1) the accidental failure of suit statute applies to probate appeals; and (2) the original probate appeal was timely commenced. The defendants claim, as an alternate ground for affirmance of the judgment of the Appellate Court, that the accidental failure of suit statute does not apply to probate appeals. We disagree with the plaintiff's first contention and agree with the defendants' alternate ground. We conclude that the word "action" in § 52-592 (a) does not include probate appeals.[5]

In concluding that a probate appeal does not constitute an "action" under the accidental failure of suit statute, we are guided by the reasoning in *Carbone* v. *Zoning Board of Appeals*, 126 Conn. 602, 13 A.2d 462 (1940). In *Carbone*, the trial court sustained a plea in

---

[4] The Appellate Court noted that, although subject matter jurisdiction may be raised at any time, "a motion to dismiss may not be the proper procedural vehicle for asserting that an action is not saved by [§ 52-592 (a)] . . . . [A] trial court properly may consider a motion to dismiss in such circumstances when the plaintiff does not object to the use of the motion to dismiss. *Capers* v. *Lee*, 239 Conn. 265, 269–70 n.9, 684 A.2d 696 (1996). In the present case, because the plaintiff did not object to the use of the motion to dismiss, the court properly decided the motion on the merits." *Metcalfe* v. *Sandford*, supra, 81 Conn. App. 98 n.4. We agree with the Appellate Court in this regard.

[5] This conclusion renders it unnecessary to determine whether the plaintiff's first probate appeal was timely commenced.

abatement to the plaintiff's original appeal, which was taken within the statutory fifteen day time limit for taking such appeals, from the defendant board to the Superior Court. Id., 603. After the fifteen day time limit expired, the defendant brought a second appeal under the accidental failure of suit statute, which was, at the time of that decision, General Statutes (1930 Rev.) § 6024, and is now § 52-592. Id., 604. The defendants demurred to the second appeal on the ground that an appeal from a zoning board was not an "action" for purposes of the statute. Id. This court agreed with the defendant, concluding that "[t]he reasons for construing the word 'action' in the statute as not including such a peculiar and [wholly] statutory proceeding . . . are not only apparent but compelling." Id., 607. The court reasoned that statutes that establish a relatively short time period in which appeals may be taken to the courts "are evidently designed to secure in the public interest a speedy determination of the issues involved; and to make it possible to proceed in the matter as soon as the time to take an appeal has passed if one has not been filed. To hold that an appeal in such a proceeding . . . is an 'action' within the meaning of [the accidental failure of suit statute], would have the practical effect of eliminating the time factor in taking such appeals. . . . Certainly the [l]egislature could not have intended by the provisions of [the accidental failure of suit statute] thus to place it in the power of any appellant to render nugatory the limits it had carefully set for appeals of this nature." Id., 607–608. We reiterated our position that the accidental failure of suit statute does not apply to appeals from administrative agencies in *Bank Building & Equipment Corp.* v. *Architectural Examining Board*, 153 Conn. 121, 124–25, 214 A.2d 377 (1965) (applying *Carbone* to hold that appeal from order of architectural examining board was not "action" under § 52-592 or "civil action" under General Statutes § 52-593).

The reasoning adopted by this court in *Carbone* and endorsed in *Bank Building & Equipment Corp.*, applies with equal force to appeals from probate. As with appeals from administrative agencies, the legislature has provided for prompt resolution of issues and finality in decisions by establishing a relatively short time limit within which an appeal from probate may be taken. "Our legislation has always favored the speedy settlement of estates, and to that end has carefully limited the time within which . . . appeals [from probate] must be taken." (Internal quotation marks omitted.) *Vanbuskirk* v. *Knierim*, 169 Conn. 382, 385, 362 A.2d 1334 (1975). Accordingly, General Statutes § 45a-187 (a) requires that an appeal from probate must be taken within thirty days except in limited circumstances.[6] This time limit provides for the prompt settlement and administration of estates by giving interested parties confidence in the status of the estate within a reasonable time period.

If we were to conclude that § 52-592 (a) applies to probate appeals, this confidence would evaporate whenever judgment was rendered against the plaintiff in a probate appeal for one of the reasons listed in the statute. In such a case, the estate could be administered—for example, bonds posted, expenses incurred, debts paid, tax returns filed, and assets distributed— for up to one year before the plaintiff filed a second appeal. Although the appeal in the present case was promptly filed after the dismissal of the prior appeal, a conclusion that § 52-592 (a) applies to probate appeals necessarily would permit a second appeal any time within the ensuing year. The potential for such a second appeal, after such an extended period of time, to result

---

[6] General Statutes § 45a-187 (a) provides in relevant part: "An appeal [from probate] under section 45a-186 by those of the age of majority and who are present or who have legal notice to be present, or who have been given notice of their right to request a hearing or have filed a written waiver of their right to a hearing, shall be taken within thirty days. . . ."

in the conclusion that the estate was administered improperly would seriously undermine the reliance interests of the parties involved. The legislature could not have intended to inject such uncertainty into the probate process.

The plaintiff contends, however, that the accidental failure of suit statute should apply to probate appeals because it is remedial in nature and is to be construed liberally, consistent with our holding in *Isaac* v. *Mount Sinai Hospital*, 210 Conn. 721, 557 A.2d 116 (1989). "We have consistently held that our accidental failure of suit statute . . . § 52-592, is remedial and is to be liberally interpreted." (Internal quotation marks omitted.) Id., 728. Further, we have recognized that the word "action" may encompass a broad scope. "In a general sense the word action means the lawful demand of one's right in a court of justice; and in this sense it may be said to include any proceeding in such a court for the purpose of obtaining such redress as the law provides." (Internal quotation marks omitted.) Id., 730. Although we recognize these principles, we disagree that they compel the conclusion that a probate appeal is covered by the accidental failure of suit statute.

"[T]he word action has no precise meaning and the scope of proceedings which will be included within the term as used in the statutes depends upon the nature and purpose of the particular statute in question. . . . Because the word action may have different meanings in different contexts . . . we [take] a functional approach in our construction of the [word], eschewing the application of inflexible rules in favor of a contextual analysis." (Citations omitted; internal quotation marks omitted.) *Gipson* v. *Commissioner of Correction*, 257 Conn. 632, 641, 778 A.2d 121 (2001).

Furthermore, at the time of the *Carbone* decision, both the liberal construction of the accidental failure

of suit statute and the broad scope of the word "action" were well established in our jurisprudence. Therefore, in *Carbone,* we performed our contextual analysis of the word "action" fully aware of these principles. Nonetheless, because of the nature of the accidental failure of suit statute in the context of appeals from administrative agencies, we limited the meaning of "action" in that context. In fact, in *Carbone,* we distinguished the case that we relied upon as the foundation of our analysis in *Isaac—Korb* v. *Bridgeport Gas Light Co.,* 91 Conn. 395, 99 A. 1048 (1917)—by pointing out that the action before us in *Korb* was an ordinary civil action where there was no apparent reason to restrict the reach of the accidental failure of suit statute, whereas "[t]he reasons for construing the word 'action' in the statute as not including [administrative appeals were] not only apparent but compelling." *Carbone* v. *Zoning Board of Appeals,* supra, 126 Conn. 607. We also quoted *Waterbury Blank Book Mfg. Co.* v. *Hurlburt,* 73 Conn. 715, 717, 49 A. 198 (1901), for the same language used in *Isaac* concerning the broad scope encompassed by the word "action": "In a general sense the word action means the lawful demand of one's right in a court of justice; and in this sense it may be said to include any proceeding in such a court for the purpose of obtaining such redress as the law provides." (Internal quotation marks omitted.) *Carbone* v. *Zoning Board of Appeals,* supra, 604. Thus, in *Carbone,* as in the present case, we took into account the liberal construction of the accidental failure of suit statute and the broad scope of the word "action," in performing the necessary contextual analysis of the word "action," as used in the accidental failure of suit statute.

Finally, the broad interpretation given to the word "action" in § 52-592 (a) in other contexts is insufficient to overcome the policy implications of such an interpretation in this context. The potential adverse conse-

quences to the prompt settlement of estates persuades us that the legislature did not intend that preference for a broad interpretation to include a probate appeal.

The judgment of the Appellate Court is affirmed.

In this opinion the other justices concurred.