******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# RICHARD MEGOS *v.* KARIN RANTA
## (AC 38670)

DiPentima, C. J., and Bright and Eveleigh, Js.

*Syllabus*

The plaintiff sought to recover damages from the defendant, a nonresident, for personal injuries he had sustained in a motor vehicle accident involving the defendant. One day prior to the running of the statute of limitations, the plaintiff served a complaint alleging negligent operation of a motor vehicle against the defendant at her last known address and by leaving a true and attested copy of the writ, summons and complaint at the office of the Commissioner of Motor Vehicles, as required by statute (§ 52-62 [c]). The trial court granted the defendant's motion to dismiss the action, holding that service had not been effectuated on the defendant at her last known address because the writ, summons and complaint had been mailed to a prior address of the defendant. The plaintiff thereafter filed a new action pursuant to the accidental failure of suit statute (§ 52-592), which permits a plaintiff to bring a new action within one year of the determination of the original action if the original action was commenced within the time limited by law but failed to be tried on the merits due to, inter alia, insufficient service of the writ. The defendant again filed a motion to dismiss the new action on the ground that because she did not receive actual notice of the original action due to insufficient service, the original action had not commenced before the running of the statute of limitations and, therefore, could not be saved under § 52-592. The trial court granted the defendant's motion to dismiss, concluding that the new action was not commenced within the time limited by law because there was no evidence that the defendant was served or saw a copy of the complaint before the statute of limitations expired. From the judgment rendered thereon, the plaintiff appealed to this court. *Held* that the trial court improperly dismissed the action under § 52-592 on the ground that the previous action had not been commenced prior to the running of the statute of limitations: pursuant to the plain language of § 52-62 (a), service on the commissioner has the same validity as service on a nonresident defendant personally, and, thus, by timely serving the original action on the commissioner, the plaintiff served the defendant personally and thereby commenced the original action prior to the running of the statute of limitations; moreover, the defendant's claim that such a conclusion ignores the specific service requirements of subsection (c) of § 52-62 was unavailing because although subsection (c) requires process to be served both by service on the commissioner and by mailing a copy to the defendant at her last known address via certified mail, that subsection addresses the sufficiency of the service rather than commencement of the civil action, and the fact that a defendant could be entitled to a dismissal for insufficient service if a plaintiff fails to comply with subsection (c) does not mean that the action was not commenced under subsection (a) for purposes of a claim brought pursuant to § 52-592.

Argued December 5, 2017—officially released February 6, 2018

*Procedural History*

Action to recover damages for personal injuries sustained in a motor vehicle accident allegedly caused by the defendant's negligence, and for other relief, brought to the Superior Court in the judicial district of New Britain, where the court, *Swienton, J.*, granted the defendant's motion to dismiss and rendered judgment thereon, from which the plaintiff appealed to this court. *Reversed; further proceedings.*

*Hugh D. Hughes*, with whom, on the brief, were *Brian Flood* and *Alexander Bates*, for the appellant

(plaintiff).

*J. Kevin Golger*, with whom was *Todd Lampert*, for the appellee (defendant).

*Opinion*

BRIGHT, J. In this appeal, we are called upon to answer one very important question, namely, whether an action brought pursuant to General Statutes § 52-62[1] is "commenced" upon service of process on the Commissioner of Motor Vehicles (commissioner). We answer that question in the affirmative. The plaintiff in the present case, Richard Megos, appeals from the judgment of the trial court dismissing his complaint, brought pursuant to the accidental failure of suit statute, General Statutes § 52-592, on the ground that the original § 52-62 action had not been "commenced" because the defendant, Karin Ranta, did not have actual notice of the suit before the running of the applicable statute of limitations. On appeal, the plaintiff claims this was error. We agree and, accordingly, reverse the judgment of the trial court.

The following facts and procedural history, as either found by the court or revealed by the record, provide the background necessary for our review. On February 20, 2013, the plaintiff filed an application for prejudgment remedy against the defendant. The plaintiff alleged that, on October 13, 2012, the defendant, who resided in New York, operated her motor vehicle in a careless and negligent manner when she struck the motorcycle that the plaintiff was driving. The court granted an attachment in the amount of $2 million. The plaintiff, however, thereafter failed to serve the writ, summons, and complaint, and return the same to the Superior Court within thirty days in accordance with General Statutes § 52-278j (a).[2] The court, therefore, dismissed the matter on June 10, 2014.

On October 12, 2014, one day prior to the running of the statute of limitations; see General Statutes § 52-584; the plaintiff attempted to serve a complaint alleging negligent operation of a motor vehicle against the defendant. The marshal's return, dated October 21, 2014, provided that service had been effectuated on October 12, 2014, by leaving a true and attested copy of the writ, summons, and complaint at the office of the commissioner, and by mailing a copy, certified return receipt, to the defendant at 120 Central Park South, Apt. 4C, New York, New York. The defendant filed a motion to dismiss the complaint on the ground that service had not been effectuated on her at her "last known address" as required under § 52-62, because it had been more than one year since she had lived on Central Park South and she did not receive a copy of the action. On June 23, 2015, the court granted the motion to dismiss holding that service was not in compliance with the statute and that, therefore, the court had no personal jurisdiction over the defendant.

On June 30, 2015, the plaintiff filed the present action under the accidental failure of suit statute, § 52-592.

The defendant filed a motion to dismiss the June 30, 2015 complaint on the ground that "she was not properly served pursuant to . . . § 52-62, and since she never received notice of the suit, the action cannot be saved pursuant to . . . § 52-592, and therefore, this court lacks personal jurisdiction over her."[3] In short, the defendant contended in her memorandum in support of her motion to dismiss that the previous action had not been "commenced within the time limited by law" because the writ, summons, and complaint were mailed to her previous address and she did not receive notice of the action prior to the running of the statute of limitations for negligence actions. (Internal quotation marks omitted.)

In a November 25, 2015 memorandum of decision, the court granted the motion to dismiss, holding that "in order for the action to have 'commenced,' as required by § 52-592, the defendant must receive effective notice of the suit through the attempted service of the writ, summons and complaint by the marshal within the time limit prescribed by law. An action has not been commenced against a defendant where the defendant had not received or seen a copy of the complaint. . . . In this case, there is no evidence that the defendant was ever served or ever saw a copy of the complaint before the statute of limitations expired." This appeal followed.

The plaintiff claims that the court erred in dismissing his complaint. He argues that the previous action was "commenced" when the marshal served the commissioner and that such service was effectuated before the running of the statute of limitations. He further contends that the requirement in § 52-62 (c), that the writ, summons, and complaint be mailed to the defendant, does not affect the commencement of the action. We agree with the plaintiff.

We set forth the standard of review applicable to this appeal. "A motion to dismiss admits all facts well pleaded and invokes any record that accompanies the motion, including supporting affidavits that contain undisputed facts." (Internal quotation marks omitted.) *Henriquez* v. *Allegre*, 68 Conn. App. 238, 242, 789 A.2d 1142 (2002). "Where the trial court is presented with undisputed facts . . . our review of its conclusions is plenary, as we must determine whether the court's conclusions are legally and logically correct . . . ." (Internal quotation marks omitted.) *Metcalfe* v. *Sandford*, 81 Conn. App. 96, 98–99, 837 A.2d 894, aff'd, 271 Conn. 531, 858 A.2d 757 (2004).

Our resolution of this appeal requires us to construe the language of § 52-62 in the context of an action brought pursuant to § 52-592. "When construing a statute, [o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In seeking to determine that meaning, General Statutes § 1-2z directs us first to consider the text of the statute

itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered. . . . The test to determine ambiguity is whether the statute, when read in context, is susceptible to more than one reasonable interpretation." (Internal quotation marks omitted.) *State* v. *Agron*, 323 Conn. 629, 633–34, 148 A.3d 1052 (2016). "[W]ith all issues of statutory interpretation, we look first to the language of the statute[s]. . . . In construing a statute, common sense must be used and courts must assume that a reasonable and rational result was intended. . . . Furthermore, [i]t is a basic tenet of statutory construction that the legislature [does] not intend to enact meaningless provisions. . . . [I]n construing statutes, we presume that there is a purpose behind every sentence, clause, or phrase used in an act and that no part of a statute is superfluous." (Citations omitted; internal quotation marks omitted.) *Rocco* v. *Garrison*, 268 Conn. 541, 550, 848 A.2d 352 (2004).

Section 52-592 (a) provides in relevant part: "If any action, *commenced within the time limited by law*, has failed one or more times to be tried on its merits because of insufficient service or return of the writ due to unavoidable accident or the default or neglect of the officer to whom it was committed . . . the plaintiff . . . may commence a new action . . . for the same cause at any time within one year after the determination of the original action or after the reversal of the judgment." (Emphasis added.) As our Supreme Court has explained, "[this] provision is remedial in its character. It was passed to avoid hardships arising from an unbending enforcement of limitation statutes. . . . As we have also stated, however, the extension of time [in § 52–592 is] in terms made applicable to all cases where a suit seasonably begun [has] failed for the causes stated. . . . Therefore, § 52-592 *applies only when there has been an original action that had been commenced in a timely fashion*." (Citations omitted; emphasis altered; internal quotation marks omitted.) *Capers* v. *Lee*, 239 Conn. 265, 271, 684 A.2d 696 (1996). In this appeal, therefore, we are called upon to determine whether the plaintiff timely commenced an action under § 52-62, thereby making it savable under § 52-592.

Section 52-62 provides in relevant part: "(a) *Any nonresident of this state* who causes a motor vehicle to be used or operated upon any public highway or elsewhere in this state *shall be deemed to have appointed the Commissioner of Motor Vehicles as his attorney and to have agreed that any process in any civil action* brought against him on account of any claim for damages resulting from the alleged negligence of the nonresident or his agent or servant in the use or operation of any motor vehicle upon any public highway or else-

where in this state *may be served upon the commissioner and shall have the same validity as if served upon the nonresident personally. . . .*

"(c) *Process in such a civil action against a nonresident shall be served* by the officer to whom the process is directed *upon the Commissioner of Motor Vehicles* by leaving with or at the office of the commissioner, at least twelve days before the return day of the process, a true and attested copy thereof, *and by sending to the defendant* or his administrator, executor or other legal representative, *by registered or certified mail*, *postage prepaid, a like true and attested copy*, with an endorsement thereon of the service upon the commissioner, *addressed to the defendant or representative at his last-known address. . . .*" (Emphasis added.)

The plaintiff argues that, under § 52-62 (a), service on the commissioner is the equivalent of personal service on the defendant. Consequently, because personal service on a defendant undoubtedly commences an action, the same must be true of service on the commissioner under § 52-62. The defendant argues that " '[o]ne who is not served with process does not have the status of a party to the proceeding' " and " '[a]n action is commenced not when the writ is returned but when it is served upon the defendant.' " Although the defendant's argument generally is a sound statement of the law, in this particular instance, § 52-62 *expressly provides* that service on the commissioner *has the same validity* as service on the defendant *personally*. We, therefore, agree with the plaintiff's position that, under the plain language of the statute, there can be no doubt that by timely serving the commissioner, the plaintiff served the defendant personally, thereby commencing the civil action on October 12, 2014, prior to the running of the statute of limitations.

The defendant contends that such a conclusion ignores the specific service requirements contained in subsection (c). She argues that subsection (c) requires process to be served *by two methods*: (1) by service on the commissioner *and* (2) by mailing a copy to the defendant at her last known address via certified mail. Although we agree that subsection (c) contains these two requirements, we conclude that this subsection addresses the *sufficiency* of the service of process rather than the *commencement* of the civil action. Thus, as was true with the first case filed by the plaintiff, a defendant may be entitled to a dismissal for insufficiency of service if a plaintiff fails to comply with subsection (c). This, however, does not mean that the action was not "commenced" under subsection (a) for purposes of a claim brought pursuant to § 52-592. In fact, had the legislature intended such a result, it would have included the requirements of subsection (c) in subsection (a). The fact that it chose not to do so is a clear indication that it intended each subsection to

address a different issue.

In conclusion, the plain language of subsection (a) of § 52-62 provides that service on the commissioner *has the same validity as service on the defendant personally*. When the defendant is served personally, the action is commenced. Accordingly, the court improperly dismissed the action under § 52-592 on the ground that the previous action had not been commenced prior to the running of the statute of limitations.

The judgment is reversed and the case is remanded for further proceedings.

In this opinion the other judges concurred.

[1] General Statutes § 52-62 provides in relevant part: "(a) Any nonresident of this state who causes a motor vehicle to be used or operated upon any public highway or elsewhere in this state shall be deemed to have appointed the Commissioner of Motor Vehicles as his attorney and to have agreed that any process in any civil action brought against him on account of any claim for damages resulting from the alleged negligence of the nonresident or his agent or servant in the use or operation of any motor vehicle upon any public highway or elsewhere in this state may be served upon the commissioner and shall have the same validity as if served upon the nonresident personally. . . .

"(c) Process in such a civil action against a nonresident shall be served by the officer to whom the process is directed upon the Commissioner of Motor Vehicles by leaving with or at the office of the commissioner, at least twelve days before the return day of the process, a true and attested copy thereof, and by sending to the defendant or his administrator, executor or other legal representative, by registered or certified mail, postage prepaid, a like true and attested copy, with an endorsement thereon of the service upon the commissioner, addressed to the defendant or representative at his last-known address. The officer serving the process upon the Commissioner of Motor Vehicles shall leave with the commissioner, at the time of service, a fee of twenty dollars, which fee shall be taxed in favor of the plaintiff in his costs if he prevails in the action. The Commissioner of Motor Vehicles shall keep a record of each such process and the day and hour of service.

"(d) For the purposes of this section, the term 'nonresident' includes a person who is a resident of this state at the time a cause of action arises and who subsequently moves to another jurisdiction."

[2] General Statutes § 52-278j (a) provides: "If an application for a prejudgment remedy is granted but the plaintiff, within thirty days thereof, does not serve and return to court the writ, summons and complaint for which the prejudgment remedy was allowed, the court shall dismiss the prejudgment remedy."

[3] The court recognized that a motion to dismiss is not the proper procedural vehicle to challenge the application of § 52-592. See *LaBow* v. *LaBow*, 85 Conn. App. 746, 750, 858 A.2d 882 (2004), cert. denied, 273 Conn. 906, 868 A.2d 747 (2005). It explained, however, that because the parties agreed to the court's determination of the issue via the motion to dismiss, the court is permitted to do so. See *Capers* v. *Lee*, 239 Conn. 265, 269–270 n.9, 684 A.2d 696 (1996) (if use of motion to dismiss to challenge applicability of § 52-592 not challenged by party, court may use this procedural vehicle).