******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

Moll, Alexander and Pellegrino, Js.

*Syllabus*

The plaintiff appealed to the trial court from the decree of the Probate Court
appointing the defendant H as the conservator of the estate of the
plaintiff's mother. The trial court dismissed the appeal for lack of subject
matter jurisdiction, as it was filed pursuant to the accidental failure of
suit statute (§ 52-592 (a)), which does not apply to probate appeals. The
plaintiff filed a motion to open and vacate the judgment of dismissal,
which the trial court denied. On the plaintiff's appeal to this court, *held*
that there was no basis on which to conclude that the trial court abused
its discretion in denying the plaintiff's motion to open.

Argued February 10—officially released March 8, 2022

*Procedural History*

Appeal from the decree of the Probate Court for the
district of Tolland appointing the defendant Harold J.
Stanley as the conservator of the estate of the defendant
Christine Stanley, brought to the Superior Court in the
judicial district of Tolland, where the court, *Farley, J.*,
rendered judgment dismissing the appeal; thereafter,
the court denied the plaintiff's motion to open and
vacate the judgment, and the plaintiff appealed to this
court. *Affirmed.*

*Steven K. Stanley*, self-represented, the appellant
(plaintiff).

*Laura D. Thurston*, assistant attorney general, with
whom, on the brief, were *William Tong*, attorney gen-
eral, and *Clare Kindall*, solicitor general, for the appel-
lees (named defendant et al.).

*Vianca T. Malick*, for the appellee (defendant Rebecca
Ellert).

*Opinion*

PER CURIAM. The self-represented plaintiff, Steven K. Stanley, appeals from the trial court's denial of his motion to open and vacate the judgment of dismissal. For the reasons that follow, we affirm the trial court's judgment.

On February 14, 2020, the trial court rendered judgment dismissing for lack of subject matter jurisdiction the plaintiff's underlying probate appeal,[1] filed pursuant to General Statutes § 52-592 (a), the accidental failure of suit statute, on the ground that § 52-592 (a) does not apply to probate appeals. See *Metcalfe* v. *Sandford*, 271 Conn. 531, 535–40, 858 A.2d 757 (2004). On July 15, 2020, the plaintiff filed a motion to open and vacate the judgment of dismissal (motion to open). On July 27, 2020, in a one word order, the trial court denied the plaintiff's motion to open.[2] This appeal followed.

Notwithstanding the arguments made by the plaintiff in his appellate brief and during oral argument before this court directly attacking the trial court's judgment of dismissal, we first note that the plaintiff did not file an appeal—timely or otherwise—from the judgment of dismissal. Instead, the plaintiff appeals from the trial court's denial of his motion to open. Therefore, the standard of review governing the plaintiff's appeal is one of abuse of discretion rather than the plenary appellate standard of review.

"A motion to open and vacate a judgment . . . is addressed to the [trial] court's discretion, and the action of the trial court will not be disturbed on appeal unless it acted unreasonably and in clear abuse of its discretion. . . . In determining whether the trial court abused its discretion, this court must make every reasonable presumption in favor of its action. . . . The manner in which [this] discretion is exercised will not be disturbed so long as the court could reasonably conclude as it did." (Citations omitted; internal quotation marks omitted.) *Walton* v. *New Hartford*, 223 Conn. 155, 169–70, 612 A.2d 1153 (1992).

On the basis of our review of the record and our consideration of the briefs and argument of the parties, we perceive no basis on which to conclude that the trial court abused its discretion in denying the plaintiff's motion to open.

The judgment is affirmed.

[1] Although the plaintiff's complaint was titled "Civil Tort Claims Act," it sought, by its express terms, an order of the Superior Court vacating a decree by the defendant Judge Barbara Riordan Gardner of the Probate Court appointing the defendant Harold J. Stanley as the conservator of the estate of the plaintiff's mother, the defendant Christine Stanley. Alison M. Woodard, Lara Stauning, Linda Balfe, Rebecca Ellert, Kevin Stanley, Paul Stanley, and Sophia H. Shaikh were also defendants.

[2] None of the parties sought an articulation from the trial court pursuant to Practice Book § 66-5 following the filing of this appeal.