RONALD M. TURECK ET AL. *v.* DAVID P. GEORGE ET AL.
(14927)

Foti, Lavery and Heiman, Js.

Argued October 1, 1996—officially released January 28, 1997

*Roger J. Frechette*, with whom was *Matthew E. Frechette*, for the appellant (named plaintiff).

*Michael P. Del Sole*, for the appellees (defendants).

LAVERY, J. The named plaintiff[1] appeals from the judgment of the trial court denying him prejudgment interest from the date of the plaintiff's offer of judgment, filed subsequent to the granting of his motion for summary judgment on the issue of liability, until the time of the plaintiff's acceptance of the defendants' offer of judgment.

The controlling issue in this appeal is whether the words "after trial," as used in General Statutes § 52-192a (b),[2] should be interpreted to mean after a motion

---

[1] One of the two original plaintiffs withdrew from the case on April 21, 1995.

[2] General Statutes § 52-192a (b) provides: "After trial the court shall examine the record to determine whether the plaintiff made an 'offer of judgment' which the defendant failed to accept. If the court ascertains from the record that the plaintiff has recovered an amount equal to or greater than the sum certain stated in his 'offer of judgment', the court shall add to the amount so recovered twelve per cent annual interest on said amount, computed from the date such offer was filed in actions commenced before October 1, 1981. In those actions commenced on or after October 1, 1981, the interest shall be computed from the date the complaint in the civil action was filed with the court if the 'offer of judgment' was filed not later than eighteen months from the filing of such complaint. If such offer was filed later than

for summary judgment has been granted only as to the issue of liability. The plaintiff argues that the word "trial," as used in § 52-192a (b), encompasses the rendering of summary judgment as to the issue of liability only. We disagree and affirm the judgment of the trial court.

The relevant facts are as follows. On October 18, 1986, the plaintiff was operating a motor vehicle westbound on Route 80 in North Branford. The plaintiff had come to a stop when he was hit from behind by the named defendant, who was operating a motor vehicle owned by the defendant Catherine George. As a result of the collision, the plaintiff suffered a variety of injuries.

The plaintiff brought suit and on August 5, 1991, filed a motion for summary judgment as to liability only. The trial court, *Flanagan, J.*, granted the plaintiff's motion on August 26, 1991. On October 15, 1991, the plaintiff filed an offer of judgment in the amount of $100,000, to which the defendants did not respond. On April 13, 1995, the defendants filed an offer of judgment, offering to allow the plaintiff to take judgment for the sum of $100,000. On April 21, 1995, the plaintiff accepted the defendants' $100,000 offer of judgment.

The plaintiff thereafter filed a motion for prejudgment interest in which he claimed $42,000 in interest from the defendants. The plaintiff contended that he was entitled to that amount because he recovered from the defendants an amount equal to his prior offer of judgment. The trial court, *Hartmere, J.*, determined that there had been no trial and, therefore, concluded that

eighteen months from the date of filing of the complaint, the interest shall be computed from the date the 'offer of judgment' was filed. The court may award reasonable attorney's fees in an amount not to exceed three hundred fifty dollars, and shall render judgment accordingly. This section shall not be interpreted to abrogate the contractual rights of any party concerning the recovery of attorney's fees in accordance with the provisions of any written contract between the parties to the action."

the plaintiff was not entitled to an award of interest. The plaintiff now appeals the judgment of the trial court.

The term "trial" is defined as "a judicial investigation and determination of the issues between the parties to an action." 75 Am. Jur. 2d, Trial § 2. In a general sense, the term "trial" means "the investigation and decision of a matter in issue between parties before a competent tribunal, including all the steps taken in the case from its submission to the court or jury to the rendition of judgment." 88 C.J.S., Trial § 1. In Connecticut, the term trial is defined in a criminal case as a "judicial proceeding at which the guilt or innocence of the defendant to the offense or offenses charged is to be determined." Practice Book § 1021 (11). No parallel definition exists with respect to civil cases. We, therefore, look to the General Statutes and the rules of practice to deduce what the term encompasses in the context of a civil case. *Lafayette Bank & Trust Co.* v. *Szentkuti*, 27 Conn. App. 15, 20, 603 A.2d 1215, cert. denied, 222 Conn. 901, 606 A.2d 1327 (1992).

In his motion for summary judgment, the plaintiff sought summary judgment as to liability and an order for an immediate hearing in damages. Practice Book § 385 provides in relevant part: "A summary judgment, interlocutory in character, may be rendered on the issue of liability alone, although there is a genuine issue as to damages. In such case, the court shall order an immediate hearing before a referee, before the court, or before a jury . . . ." It is clear from the record that on August 26, 1991, the trial court granted the interlocutory motion. No hearing in damages ever took place. A summary judgment on liability only is not a final judgment from which an appeal may be taken, since the judgment is not completed until damages have been assessed. *Pinnix* v. *LaMorte*, 182 Conn. 342, 343, 438 A.2d 102 (1980). The plaintiff filed his offer of judgment in the amount of $100,000 on October 15, 1991. No further

action took place until April 13, 1995, when the defendants made their offer of judgment to the plaintiff. It was only after the stipulated judgment was entered that the plaintiff moved for prejudgment interest on its offer of judgment.

Practice Book §§ 345 through 351 were adopted originally in 1978 in response to the passage of § 52-192a in 1976. W. Moller & W. Horton, 1 Connecticut Practice Series: Practice Book Annotated (1992) § 350, p. 545. We, therefore, look to the legislative intent and case law interpretation of § 52-192a to determine the meaning of "after trial" in the context of the offer of judgment by the plaintiff.

We conclude that the intent of the legislature is clear that § 52-192a interest should be imposed only after a judgment or award has been granted by the trial court. "Statutory construction is a question of law and therefore our review is plenary. . . . [O]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In seeking to discern that intent, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter. . . . State v. Burns, 236 Conn. 18, 22–23, 670 A.2d 851 (1996); State v. Spears, 234 Conn. 78, 86–87, 662 A.2d 80 (1995)." (Internal quotation marks omitted.) State v. Harrell, 238 Conn. 828, 832, 681 A.2d 944 (1996). At the time the plaintiff made his offer of judgment in 1991, General Statutes (Rev. to 1991) § 52-192a (a) provided in pertinent part that "[w]ithin thirty days after being notified of the filing of the 'offer of judgment', the defendant or his attorney may file with the clerk of the court a written 'acceptance of offer of judgment' agreeing to a stipulation for judgment as contained in plaintiff's 'offer of judgment'. Upon such

filing, the clerk shall enter judgment immediately on the stipulation. . . ."

In 1994, the legislature passed Public Acts 1994, No. 94-20, which amended § 52-192a (a)[3] to provide that the acceptance of an offer of judgment must be done prior to a jury verdict or court award. The reason for this amendment was set forth by Representative Dale W. Radcliffe on the house floor in debate on that act. In explaining the judiciary committee's recommendation of the bill, he said: "Under existing law, as the chairman indicated, there are times when a verdict might be rendered by a jury. The verdict is accepted by the court and, because an offer of judgment may be filed fewer than 30 days prior to the entry of a verdict, the defendant then has an option of either accepting the jury verdict, which may in fact be higher than the offer of judgment or accepting the offer of judgment after the verdict has in fact been rendered because it would still be within that 30-day period, and basically what this bill says is that one must make an election. . . .

"Basically, it says that a defendant should not be able to have it both ways, should not be able to take a

---

[3] General Statutes § 52-192a (a) provides: "After commencement of any civil action based upon contract or seeking the recovery of money damages, whether or not other relief is sought, the plaintiff may before trial file with the clerk of the court a written 'offer of judgment' signed by him or his attorney, directed to the defendant or his attorney, offering to settle the claim underlying the action and to stipulate to a judgment for a sum certain. The plaintiff shall give notice of the offer of settlement to the defendant's attorney, or if the defendant is not represented by an attorney, to the defendant himself. Within thirty days after being notified of the filing of the 'offer of judgment' and prior to the rendering of a verdict by the jury or an award by the court, the defendant or his attorney may file with the clerk of the court a written 'acceptance of offer of judgment' agreeing to a stipulation for judgment as contained in plaintiff's 'offer of judgment'. Upon such filing, the clerk shall enter judgment immediately on the stipulation. If the 'offer of judgment' is not accepted within thirty days and prior to the rendering of a verdict by the jury or an award by the court, the 'offer of judgment' shall be considered rejected and not subject to acceptance unless refiled.

chance on a verdict by a jury and then if that verdict is unfavorable, then be able to accept an offer of judgment, which was previously entered in good faith and I think it does accomplish that . . . ." 37 H.R. Proc., Pt. 3, 1994 Sess., pp. 787–88.

"In principle, a statutory amendment that construes and clarifies a prior statute operates as the legislature's declaration of the meaning of the original act. *State* v. *Blasko*, 202 Conn. 541, 558, 522 A.2d 753 (1987); *Neyland* v. *Board of Education*, 195 Conn. 174, 180, 487 A.2d 181 (1985). [I]f the amendment was enacted soon after controversies arose as to the interpretation of the original act, it is logical to regard the amendment as a legislative interpretation of the original act . . . . *State* v. *Blasko*, supra, 558, quoting 1A J. Sutherland, [Statutory Construction (4th Ed. Sands 1986)] § 22.31, p. 276; see also *Shelby Mutual Ins. Co.* v. *Della Ghelfa*, 200 Conn. 630, 640, 513 A.2d 52 (1986). To determine whether an act should be characterized as clarifying legislation, we look to the legislative history to determine the legislative intent. *State* v. *Blasko*, supra, 558." (Internal quotation marks omitted.) *Darak* v. *Darak*, 210 Conn. 462, 471, 556 A.2d 145 (1989). It is clear from Representative Radcliffe's remarks that the purpose of the amendment was to clarify the statute's application where a verdict is being returned before the thirty day period for acceptance had expired, but it is also clear that § 52-192a does not become operative until there is a final judgment.

In *Civiello* v. *Owens-Corning Fiberglass Corp.*, 208 Conn. 82, 91, 544 A.2d 158 (1988), the Supreme Court held that absent a final judgment, a plaintiff could not prevail on his claim seeking § 52-192a (b) interest. The court held that the amount of the final judgment determines whether interest is to be awarded. Id., 91.

Any such 'offer of judgment' and any 'acceptance of offer of judgment' shall be included by the clerk in the record of the case."

In *Paine Webber Jackson & Curtis, Inc.* v. *Winters*, 22 Conn. App. 640, 653, 579 A.2d 545, cert. denied, 216 Conn. 820, 581 A.2d 1055 (1990), this court held: "An award of interest pursuant to § 52-192 (a) is independent of the judgment, can be calculated only after judgment has been rendered and is awarded upon a posttrial motion."

Since the plaintiff's motion for summary judgment was interlocutory, there was not a final judgment at the time the plaintiff accepted the defendants' offer of judgment. When the plaintiff accepted the defendants' offer of judgment, the acceptance was an agreement to enter into a stipulation for judgment. *Gionfriddo* v. *Avis Rent-A-Car Systems, Inc.*, 192 Conn. 301, 305, 472 A.2d 316 (1984). "A stipulated judgment is not a judicial determination of any litigated right. . . . It may be defined as a contract of the parties acknowledged in open court and ordered to be recorded by a court of competent jurisdiction. . . . [It is] the result of a contract and its embodiment in a form which places it and the matters covered by it beyond further controversy. . . . The essence of the judgment is that the parties to the litigation have voluntarily entered into an agreement setting their dispute or disputes at rest and that, upon this agreement, the court has entered judgment conforming to the terms of the agreement." (Citations omitted; internal quotation marks omitted.) *Gillis* v. *Gillis*, 214 Conn. 336, 339–40, 572 A.2d 323 (1990). When the plaintiff accepted the defendants' offer, the parties simply entered into a contract to resolve their differences for $100,000.

In a stipulated judgment, it is presumed that the parties intended to settle all aspects of the controversy, including all issues raised by the papers comprising the record. *Connecticut Water Co.* v. *Beausoleil*, 204 Conn. 38, 49, 526 A.2d 1329 (1987).

We conclude that the term "after trial" in § 52-192a (b) means a "final judgment" and, since the plaintiff's motion for summary judgment was for liability only, its granting by the trial court was not a final judgment.

The judgment is affirmed.

In this opinion the other judges concurred.