[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON DEFENDANT'S MOTION FOR ARTICULATION AND REARGUMENT OF APPLICATION FOR ATTORNEYS' FEES
On June 4, 1999, this court issued a ruling on the plaintiff's application for an award of attorney's fees in the above captioned action. At the same time, the court calculated interest on an offer of judgment in the court file and entered judgment including the amount of fees and interest. The defendants have filed a motion titled "Request to Reargue, Motion for Articulation, and Objection to the Court's Ruling on Motion for Award of Attorney's Fees." The only defendant against whom remedies were ordered in the June 4, 1999 ruling was William Lowe. The court will treat the motion as having been filed on his behalf.
Though part of the motion is titled a motion to "reargue," the subject matter raised is not among the subjects for which oral argument is a matter of right pursuant to Practice Book § 11-18. Since the parties have fully briefed the issues and reached agreement on the only fact-bound issue, the court finds that oral argument is not necessary and exercises its discretion not to grant further argument.
Despite the title of the motion, its substance raises two issues: 1) the court's interpretation of the number of hours claimed to have been expended by plaintiff's counsel James Farrell on pursuit of the claim of violation of civil rights, and 2) the sufficiency of the offer of judgment to entitle the plaintiff to interest. Because of its substance, the court will treat the motion as one to open and correct the judgment. CT Page 9338
I. Calculation of hours expended
The plaintiff, by counsel, has agreed at page 1 of his Brief in Opposition to Defendant's Motion to Reargue Attorney's Fees, that the correct calculation is for fees relating to services of Attorney Farrell prior to the preparation of the fee petition is $209,690.00 (1048.45 hours × $200 per hour). The problem with this apparent agreement is that the parties have failed to reflect the court's determination that 34.15 hours should be deducted from the 1048.45 hours expended prior to the fee petition. Having reviewed the calculations, the court finds that the correct award for hours spent before the fee petition is $202,860 (1014.30 hours × $200 per hour). Adding the 14.0 hours reasonably spent on the fee petition, the total award of fees with regard to Attorney Farrell is $205,660. Treating the defendant's motion as one to correct the judgment, the court hereby amends the judgment to reflect that the total amount of attorneys' fees and disbursements awarded to the plaintiff is $265,374.17. (The amount of the fee award attributable to Attorney Raymond Rubens and to disbursements is unchanged.)
II. Offer of Judgment
The plaintiff filed an offer of judgment on August 29, 1995. The defendant filed no motion and made no argument concerning any claim that this offer of judgment was not valid or failed to comply with the requirements of the Offer of Judgment Statute, Conn. Gen. Stat. § 52-192a. After this plaintiff recovered a verdict in excess of the $100,000 sum indicated in the offer of judgment, the defendant filed no post-verdict motion concerning the applicability of that statute, even after plaintiffs' counsel raised the issue of calculation of interest on offers of judgment at oral argument on the fee applications. The Offer of Judgment Statute does not provide for any hearing as to offers of judgment but states that "[a]fter trial the court shall examine the record to determine whether the plaintiff made an `offer of judgment' which the defendant failed to accept. If the court ascertains from the record that the plaintiff has recovered an amount equal to or greater than the sum certain stated in his `offer of judgment,' the court shall add to the amount so recovered twelve per cent annual interest on said amount, computed from the date such offer was filed."
After the trial, this court duly examined the record, found CT Page 9339 the plaintiff's offer of judgment, calculated interest and added it to the judgment. Thereafter, the defendant raised for the first time the argument that the text of the plaintiff's offer of judgment was not in compliance with the Offer of Judgment Statute and could not therefore be the basis of an award of interest.
The plaintiff has raised for the first time the claim that the interest awarded should have been calculated on the amount of the entire judgment, including the award of attorneys' fees. By raising its own claim for recalculation, the plaintiff has tacitly waived any objection to the timing of the defendant's observations on the validity of the offer of judgment.
The Practice Book contains no procedure for raising issues concerning offers of judgment, and the statute itself clearly provides only for inspection of the file by the court, with no procedure for advocacy. While some parties in other cases have filed motions extrapolated from other settings, such as motions to strike offers of judgment, the lack of a clear procedure for raising arguments concerning the method of calculating interest or defects in an offer of judgment leads this court to the conclusion that it should take up the issues raised by the parties despite the lateness of their articulation, treating the points made as motions to correct the judgment.
A. Text of the Offer of Judgment
In the offer of judgment filed on August 28, 1995, the plaintiff offered to stipulate to a judgment "in the amount of $100,000 against the defendant William Lowe under Count One of the complaint, plus reasonable attorney's fees as determined by the Court under federal law."
Count One, in which the plaintiff alleged violation of her decedent's civil rights actionable under 42 U.S.C. § 1983, was not the only count in which the plaintiff alleged liability against defendant Lowe. In other counts of the complaint, the plaintiff sought damages for assault and battery and intentional infliction of emotional distress. The plaintiff's offer of judgment thus did not extend to the plaintiff's entire claim against this defendant. The plaintiff's offer was to stipulate to a partial judgment against defendant Lowe, resolving only the civil rights claim, but leaving at issue the causes of action arising under the common law. The amount of the offered stipulation for partial judgment combined a definite amount as to CT Page 9340 damages under Count One and the proposal, in effect, to have the court determine an additional amount of attorney's fees.
Defendant Lowe objects that the offer of judgment was not valid and thus does not entitle the plaintiff to an award of interest.
B. Validity of the Offer of Judgment
A plaintiff who files an offer of judgment is entitled to an award of interest pursuant to § 52-192a only if the offer is a valid offer, the defendant rejects it, and the plaintiff recovers an amount equal to or greater than the amount of the judgment to which the plaintiff offered to stipulate. Loomis Institute v.Windsor, 234 Conn. 169, 180 (1995). The Connecticut Supreme Court has explained that "[a]n offer of judgment is an offer to settle the entire case, including claims both known and unknown, and both certain and uncertain." Blakeslee Arpaia Chapman Inc. v. E.I. Constructors, Inc., 239 Conn. 708, 750 (1997); Eisenbach v.Downey, 45 Conn. App. 165, 186 (1997). In Blakeslee, there was only one defendant, and the Supreme Court can be understood to have been addressing the function of an offer of judgment to resolve all of a plaintiff's claim against a particular defendant. The Court in that case rejected the argument that an amendment of the cause of action after the filing of the offer of judgment rendered the offer ineffective. The court viewed the function of an offer of judgment as the settling of the plaintiff's claim against a particular party, not resolution of a particular cause of action. The Court tacitly construed the reference in § 52-192a
to an "offer to settle the claim" as an offer to settle the plaintiff's claim for damages, not an offer to settle a particular cause of action or theory of recovery.
A plaintiff's offer to take judgment is, by the terms of § 52-192a, an offer to stipulate to judgment. No mention is made in the statute to partial judgments, such as would result from an offer to take judgment on a particular count or one of several causes of action. As the Appellate Court has observed, "[I]n a stipulated judgment, it is presumed that the parties intended to settle all aspects of the controversy, including all issues raised by the papers comprising the record." Tureck v. George,44 Conn. App. 154, 161, cert. denied, 240 Conn. 914 (1997), citingConnecticut Water Co. v. Beausoleil, 204 Conn. 38, 49 (1987).
The purpose of § 52-192a is "to encourage pretrial CT Page 9341 settlements and, consequently, to conserve judicial resources."Blakeslee Arpaia Chapman Inc. v. E. I. Constructors, Inc., supra,239 Conn. 742; Gionfriddo v. Avis Rent A Car System, Inc.,192 Conn. 301, 305 (1984).
The plaintiff's offer of judgment did not propose to resolve her entire claim against defendant Lowe by stipulating to a judgment in the amount of $100,000. Instead, she proposed to settle some of the elements of her civil rights claim (damages, but not attorney's fees) and not to include in that stipulated judgment her other causes of action arising from the same events. In Blakeslee, supra, 239 Conn. 751, the Supreme Court construed the phrase "the claim" in § 52-192a as referring to the plaintiff's claim for all damages arising from a course of conduct, not a particular cause of action that may, along with others, be the basis of the claim for compensation. The Court has observed that the function of § 52-192a is to encourage fair and reasonable compromises between litigants "by penalizing a party that fails to accept a reasonable offer of settlement." WillowSprings Condominium Assn., Inc. v. Seventh BRT Development Corp.,245 Conn. 1, 56 (1998); Edward Denike Tree Co. v. Butler,21 Conn. App. 366, 369 (1990).
 In other words, interest awarded under § 52-192a is solely related to a defendant's rejection of an advantageous offer to settle before trial and his subsequent waste of judicial resources.
Willow Springs Condominium Assn., Inc. v. Seventh BRT DevelopmentCorp., supra, 245 Conn. 56; Paine Webber Jackson Curtis, Inc.,v. Winters, 22 Conn. App. 640, 654, cert. denied, 216 Conn. 820
(1990). By failing to accept the plaintiff's offer of judgment, defendant Lowe cannot be said to have foregone an opportunity to resolve the whole case against him or to have necessitated a trial of the plaintiff's claims against him: the terms of the plaintiff's offer were such that she reserved some of her claims for trial and did not propose to resolve them. Since the plaintiff framed her offer in a manner that did not offer to settle her entire claim against defendant Lowe, her offer was not valid, and did not operate to expose him to the statutory penalty of having to pay interest on the amount she recovered under her multiple causes of action. Accordingly, the court hereby opens and corrects the judgment to deny the plaintiff interest under § 52-192a. CT Page 9342
CORRECTED JUDGMENT
Judgment shall enter in favor of the plaintiff in the amount of the jury verdict of $233,085 plus an award of attorney's fees and expenses in the amount of $265,374.17. The plaintiff shall recover any statutory court costs not already recovered as out-of-pocket expenses upon filing a bill of costs.
Beverly J. Hodgson Date Judge of the Superior Court