[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR STATUTORY INTEREST AND ATTORNEY'S FEES (DOCKET ENTRY NO. 116)
On October 17, 1997, the plaintiff, Magdelena Gomez, filed the original complaint against her insurer, the defendant, Infinity Insurance Company. The plaintiff, who was issued an automobile insurance policy from the defendant, alleged a claim for damages under the uninsured/underinsured motorist provisions of her insurance policy.[1] Thereafter, on October 22, 1998, the plaintiff filed an offer of judgment in the amount of $20,000. The defendant rejected that offer.
On February 9, 2000, the jury in the above captioned matter returned a verdict of $59,645.11 in favor of the plaintiff. The jury found that the defendant was liable to the plaintiff for $3,645.11 in economic damages and $56,000 in non-economic damages. CT Page 6445
On February 17, 2000, the plaintiff filed a posttrial motion for statutory interest and attorney's fees, with a supporting memorandum of law.
The plaintiff moves for an award of statutory prejudgment interest, pursuant to General Statutes § 52-192a (b), on the ground that the defendant failed to accept her offer of judgment. Consequently, the plaintiff contends that she is entitled to recover prejudgment interest[2]
from the defendant on the jury verdict of $59,645.11, in the amount of $16,511.62.
The defendant argues, however, that the plaintiff is not entitled to recover prejudgment interest because it exceeds the coverage limit of her insurance policy. Specifically, the defendant argues that the maximum amount that the plaintiff is entitled to recover, based upon the insurance policy, is $20,000, exclusive of costs. Therefore, the defendant argues that the plaintiff is barred from recovering any amount in excess of the $20,000 policy limit.
General Statutes § 52-192a (b) provides in pertinent part:
 "After trial the court shall examine the record to determine whether the plaintiff made an `offer of judgment' which the defendant failed to accept. If the court ascertains from the record that the plaintiff has recovered an amount equal to or greater than the sum certain stated in his `offer of judgment', the court shall add to the amount so recovered twelve per cent annual interest on said amount. . . . In those actions commenced on or after October 1, 1981, the interest shall be computed from the date the complaint in the civil action was filed with the court if the `offer of judgment' was filed not later than eighteen months from the filing of such complaint. . . . The court may award reasonable attorney's fees in an amount not to exceed three hundred fifty dollars, and shall render judgment accordingly." (Emphasis added.)
Section 52-192a (b) requires a trial court to award interest to the prevailing plaintiff from the date of the filing of a complaint to the date of judgment whenever: (1) a plaintiff files a valid offer of judgment within eighteen months of the filing of the complaint in a civil complaint for money damages; (2) the defendant rejects the offer of judgment; and (3) the plaintiff ultimately recovers an amount greater than or equal to the offer of judgment. Our supreme court has said: CT Page 6446
 The purpose of § 52-192a is to encourage pretrial settlements and, consequently, to conserve judicial resources. . . . [T]he strong public policy favoring the pretrial resolution of disputes . . . is substantially furthered by encouraging defendants to accept reasonable offers of judgment. . . . Section 52-192a encourages fair and reasonable compromise between litigants by penalizing a party that fails to accept a reasonable offer of settlement. . . . in other words, interest awarded under § 52-192a is solely related to a defendant's rejection of an advantageous offer to settle before trial and his subsequent waste of judicial resources." (Citations omitted; internal quotation marks omitted.) Willow Springs Condominium Assn., Inc. v. Seventh BRT Development Corp., 245 Conn. 1, 55-56, 717 A.2d 77
(1998).
An award of interest pursuant to § 52-192[a] is independent of the judgment, can be calculated only after judgment has been rendered, and is awarded upon a post trial motion. (Internal quotation marks omitted.)Tureck v. George, 44 Conn. App. 154, 161, 687 A.2d 1309 (1997). It is a judgment, not a verdict, that controls under § 52-192a (b). Bower v.D'Onfro, 38 CA 684, 703, 663 A.2d 1061 (1995). The issue turns upon whether the term "recovered" in the statute refers to the verdict as returned by jury or judgment thereon as rendered by the court. Id. at 685, 703. To make the amount of the jury verdict rather than the judgment thereon the criterion for determining whether a plaintiff has recovered more than his offer of judgment would create a disparity between court and jury trials inconsistent with the legislative intention that §52-192a (b) apply to both in the same manner. Civiello v. Owens-CorningFiberglass Corp., 208 Conn. 82, 92-93, 544 A.2d 158 (1988).
In Richardson v. Allstate Ins. Co., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 328175 (July 22, 1998, Belinkie,J.T.R.) (22 Conn.L.Rptr. 434), the plaintiff obtained a verdict of $65,604, which was reduced to $20,000, the insurance policy limit. The plaintiff had filed an offer of judgment of $15,000, which was not accepted by the defendant. Consequently, the plaintiff sought to recover prejudgment interest under § 52-192a on the reduced verdict amount of $20,000. See Richardson v. Allstate Ins. Co., supra, 22 Conn.L.Rptr. 434. The defendant insurer paid the policy limit and taxable costs but refused to pay the prejudgment interest on the ground that it would constitute additional damages in excess of its policy limits. See id. The court in awarding prejudgment interest held that CT Page 6447
 "§ 52-192 is unrelated to the substantive issues of the case, that since the verdict exceeded the plaintiffs' offer of judgment the defendant is subject to additional interest as a penalty for failing to terminate litigation, and that such award of interest is not damages limited to the defendant's policy limits of $20,000." (Emphasis added.) Richardson v. Allstate Ins. Co., supra, 22 Conn.L.Rptr. 434.
In Cox v. Peerless Ins. Co., 774 F. Sup. 83, 84 (D.Conn. 1991), the plaintiff obtained a jury verdict in the amount of $150,000 against the defendant's insured and claimed that he was entitled to prejudgment interest in the amount of $22,191.78, because of the defendant's rejection of the offer of judgment. The court held that
 "[a]n award of prejudgment interest arises from a defense attorney's strategic decision to reject an offer of settlement, and proceed to trial. Therefore, an award of prejudgment interest does not arise out of the action's underlying controversy, and is not taxed to the defendant's policy's . . . limit of liability as `damages', but rather is an expense associated with the `defense costs' and strategy of the case." Cox v. Peerless Ins. Co., supra, 774 F. Supp. 86. (1991).
In the present case, the plaintiff filed an offer of judgment in the amount of $20,000 within eighteen months from the date the original complaint was filed. (See Plaintiff's Offer of Judgment, October 18, 1998.) The defendant rejected the offer of judgment. After trial, the jury awarded the plaintiff a verdict of $59,645.11, and the court this day has entered judgment in the amount of $20,000. The amount of the plaintiff's judgment is equal to the sum stated in her offer of judgment. Therefore, pursuant to § 52-192a(b), the plaintiff is entitled to recover prejudgment interest on the $20,000 judgment. See Bower v.D'Onfro, supra, 38 Conn. App. 703. Furthermore, the prejudgment interest should be computed from the date the complaint was filed until the date that judgment was entered, at 12% annual interest. See General Statutes § 52-192a (b). However, the court declines to award the plaintiff attorney's fees pursuant to § 52-192a (b).
Based upon the foregoing reasoning, the plaintiff's post trial motion for statutory interest and attorneys fees is hereby GRANTED as to the statutory interest and DENIED as to the attorney's fees. CT Page 6448
MELVILLE, J.