******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************

## PHYLLIS LARMEL *v.* METRO NORTH COMMUTER RAILROAD COMPANY
## (AC 42647)

Lavine, Prescott and Eveleigh, Js.

*Syllabus*

The plaintiff previously sought to recover damages from the defendant for personal injuries she sustained in a fall on the defendant's premises. The matter was referred by the court to an arbitrator pursuant to statute (§ 52-549u). The arbitrator issued a decision finding in favor of the defendant and the plaintiff failed to request a trial de novo within twenty days of the decision being mailed as required by statute (§ 52-549z (d)). The court rendered judgment in accordance with the arbitrator's decision pursuant to § 52-549z (a). The plaintiff filed a motion to open the judgment, which the court denied. The plaintiff thereafter filed a new action pursuant to the accidental failure of suit statute (§ 52-592 (a)). The defendant filed a motion to dismiss, arguing that the trial court lacked subject matter jurisdiction under the doctrine of res judicata because there had been entry of a final judgment on the merits pursuant to § 52-549z. The court granted the motion to dismiss and rendered judgment thereon, from which the plaintiff appealed to this court. *Held* that, although the trial court improperly dismissed the plaintiff's action on jurisdictional grounds, the plaintiff could not avail herself of § 52-592 (a) because her first action had been tried on its merits, as the judgment rendered by the court in accordance with the arbitrator's decision in the first action was a judgment on the merits, the arbitration having given the parties an opportunity to address the merits of the case, and the court should have rendered judgment for the defendant, rather than dismissing the action; moreover, this case was not controlled by *Nunno* v. *Wixner* (257 Conn. 671), because a different statute ((Rev. to 2001) § 52-192a) was at issue in *Nunno* that not only had a different purpose than the statute at issue in the present case, § 52-592 (a), but was textually distinguishable.

(*One judge dissenting*)

Argued February 4—officially released October 6, 2020

*Procedural History*

Action to recover damages for personal injuries sustained as a result of the defendant's alleged negligence, and for other relief, brought to the Superior Court in the judicial district of New Haven, where the court, *S. Richards, J.*, granted the defendant's motion to dismiss and rendered judgment thereon, from which the plaintiff appealed to this court. *Improper form of judgment*; *reversed*; *judgment directed*.

*James P. Brennan*, for the appellant (plaintiff).

*Beck S. Fineman*, for the appellee (defendant).

*Opinion*

LAVINE, J. The plaintiff, Phyllis Larmel, commenced the present personal injury action (second action) against the defendant, Metro North Commuter Railroad Company (Metro North), pursuant to the accidental failure of suit statute, General Statutes § 52-592 (a). Metro North responded by filing a motion to dismiss the second action on the ground that it was barred by the doctrine of res judicata. The trial court, *S. Richards, J.*, dismissed the second action. On appeal, the plaintiff claims that the court improperly (1) dismissed the second action, (2) held that the doctrine of res judicata applies to an arbitrator's decision rendered pursuant to "informal compulsory arbitration" under General Statutes § 52-549u, (3) failed to hold that a judgment rendered pursuant to General Statutes § 52-549z is a matter of form, (4) failed to hold that the second action was viable pursuant to § 52-592 (a), and (5) failed to hold that the plaintiff's failure to file a demand for a trial de novo constituted mistake, inadvertence, or excusable neglect. The defendant claims that the second action is barred by the doctrine of res judicata or, in the alternative, that § 52-592 (a) does not save the second action. We conclude that the accidental failure of suit statute does not save the second action.[1] The form of the judgment is improper. We, therefore, reverse the judgment of dismissal and remand the case with direction to render judgment in favor of Metro North.

The following facts and procedural history gave rise to the present appeal.[2] On the rainy morning of October 1, 2014, the plaintiff slipped and fell as she entered a Metro North passenger railcar at Union Station in New Haven. On June 15, 2015, the plaintiff commenced a personal injury action against Metro North (first action), alleging that Metro North was negligent and that she sustained injuries when she fell due to the wet and slippery condition of the railcar's floor. On November 2, 2016, the trial court, *Abrams, J.*, accepted the parties' trial management schedule that was signed by counsel for the parties. According to the schedule, the parties were to complete discovery and be prepared for a pretrial conference in April, 2017. Trial was to begin in October, 2017. In March, 2017, the plaintiff filed the first of several motions to modify the scheduling order, including the time within which to disclose an expert witness. She also noticed the deposition of a Metro North agent. Metro North filed motions for protective orders. On September 22, 2017, the plaintiff filed a motion to continue the trial until April, 2018. Judge Abrams denied the motion to continue, but marked the trial "off" and sent the parties to court-mandated arbitration pursuant to § 52-549u.[3]

The arbitration was held on December 1, 2017, and the arbitrator, Attorney David Crotta, issued his deci-

sion on February 26, 2018, finding in favor of Metro North. The clerk of the court mailed notice of the arbitrator's decision to counsel for the parties on February 27, 2018, as evidenced by the postmark. The plaintiff did not demand a trial de novo within twenty days pursuant to § 52-549z (d).[4] On March 21, 2018, in the absence of a demand for a trial de novo, Judge Abrams rendered judgment in the first action in favor of Metro North in accordance with the arbitrator's decision. See General Statutes § 52-549z (a). On March 23, 2018, counsel for the plaintiff filed a motion to open the judgment; Metro North opposed the motion to open. Judge Abrams granted the plaintiff's request for oral argument on her motion to open the judgment. Following oral argument in August, 2018, the court denied the motion to open. The plaintiff did not seek an articulation of the court's decision, and she did *not* appeal from the judgment denying her motion to open.

On October 26, 2018, the plaintiff commenced the second action pursuant to § 52-592 (a), the accidental failure of suit statute.[5] In the second action, the plaintiff repeated the allegations of negligence pleaded against Metro North in the first action. She also alleged that she "had a prior pending case against [Metro North] arising out of the same nucleus of facts as" the second action. Also, she alleged that an arbitrator issued a decision in favor of Metro North on February 26, 2018, and that the clerk of the court forwarded to the parties a copy of the decision postmarked February 27, 2018. She further alleged that the decision did not arrive at the office of her counsel until March 13, 2018. Counsel was out of the state on vacation during the week of March 12, 2018, and returned to the office on March 19, 2018. Counsel's paralegal, his sole employee save a part-time bookkeeper, was out of the office in February and March, 2018, due to illness and did not return until March 22 or 23, 2018. The plaintiff further alleged that her counsel did not know that judgment in the first action had entered against her until March 21, 2018, when he received notice from the Judicial Branch. The plaintiff further alleged that she failed to file a motion for a trial de novo within the time required by § 52-549z (d) and the trial court rendered judgment on the arbitrator's decision on March 21, 2018. In addition, the plaintiff alleged that she filed a motion to open the judgment on March 23, 2018, which was denied on August 27, 2018. Finally, the plaintiff alleged that her failure to file a timely motion for a trial de novo in the first action was due to mistake, inadvertence, and/or excusable neglect, and that the second action was commenced pursuant to § 52-592 (a).

In response to the second action, on December 13, 2018, Metro North filed a motion to dismiss the action, contending that the trial court lacked "subject matter jurisdiction under the principles of res judicata, as entry of final judgment on the merits in [the first action]

pursuant to . . . § 52-549z, make[s] . . . § 52-592 (a) inapplicable." On January 14, 2019, the plaintiff's counsel filed an objection to the motion to dismiss to which he attached a memorandum of law and his affidavit. In his affidavit, the plaintiff's counsel averred the facts alleged in the second action as to why he did not file a timely motion for a trial de novo following receipt of the arbitrator's decision in the first action. Judge Richards dismissed the second action on February 24, 2019. The plaintiff appealed on February 27, 2019.

On March 19, 2019, the plaintiff filed a motion for articulation requesting that Judge Richards articulate the basis and reason for granting Metro North's motion to dismiss. The court issued its articulation on April 5, 2019, stating, in relevant part, that the plaintiff commenced the second action against Metro North pursuant to the accidental failure of suit statute alleging "that her failure to file a timely trial de novo [motion in the first action] was due to mistake, inadvertence and/or excusable neglect. In response, Metro North filed a motion to dismiss claiming that the trial court in [the second action] lacked subject matter jurisdiction under the doctrine of res judicata, as there was *an entry of a final judgment* in [the first action]. This court agreed with the arguments and reasoning propounded by Metro North in its motion to dismiss on said ground and granted its motion to dismiss . . . ." (Emphasis added; internal quotation marks omitted.)

I

On appeal, the plaintiff claims that the court improperly granted Metro North's motion to dismiss because "the doctrine of res judicata is not applicable to a case *dismissed* pursuant to . . . § 52-549z."[6] (Emphasis added.) Although the first action was not dismissed, the plaintiff argues that the controlling issue is whether the first action was "dismissed" as a matter of form. She contends that a "dismissal pursuant to . . . § 52-549z is similar to a disciplinary dismissal" and that the trial court was required to determine whether the first action failed because her conduct in failing to file a demand for a trial de novo occurred under circumstances constituting mistake, inadvertence, or excusable neglect that would allow her to pursue the second action on its merits, or whether her conduct was so egregious that the merits of the case should not be reached. She cites *Ruddock* v. *Burrowes*, 243 Conn. 569, 570, 576–77, 706 A.2d 967 (1998), in support of her argument.[7] "In order to fall within the purview of § 52-592 . . . the original lawsuit must have failed for one of the reasons enumerated in the statute." *Skinner* v. *Doelger*, 99 Conn. App. 540, 553, 915 A.2d 314, cert. denied, 282 Conn. 902, 919 A.2d 1037 (2007). The plaintiff, therefore, contends that Judge Richards was required to make a factual finding regarding the nature of the plaintiff's conduct in failing to demand a trial

de novo.[8]

The present appeal presents a number of procedural irregularities, many of which we need not address. Although we agree with the plaintiff that Metro North improperly filed a motion to dismiss the second action on the ground of res judicata,[9] we disagree that the trial court needs to make a factual determination regarding the nature of the plaintiff's conduct in failing to timely demand a trial de novo. A judgment in favor of Metro North was rendered in the first action as a matter of law in accordance with § 52-549z, which is not a matter of form under the accidental failure of suit statute, § 52-592 (a).

The relevant procedural history is brief. The court ordered the parties to arbitrate the first action pursuant to § 52-549u. The arbitration took place on December 1, 2017, and the arbitrator filed his decision in favor of Metro North on February 26, 2018. The clerk sent the decision to the parties the next day, February 27, 2018. The plaintiff did not demand a trial de novo within twenty days. On March 21, 2018, Judge Abrams rendered judgment for Metro North on the basis of the arbitrator's decision. The plaintiff filed a motion to open the judgment, which Judge Abrams denied.[10] Thereafter, the plaintiff commenced the second action. In response, Metro North filed a motion to dismiss, stating that the trial court "lacks subject matter jurisdiction under the principles of res judicata, as entry of final judgment on the merits in [the first action], pursuant to . . . § 52-549z, make[s] . . . § 52-592 (a) inapplicable." Judge Richards granted the motion to dismiss and articulated that she agreed with the arguments and reasoning of Metro North.

"A motion to dismiss challenges the court's subject matter jurisdiction. See Practice Book § 10-30 . . . ." (Citation omitted.) *Perez* v. *D & L Tractor Trailer School*, 117 Conn. App. 680, 686 n.6, 981 A.2d 497 (2009), cert. denied, 294 Conn. 923, 985 A.2d 1062 (2010). We disagree that the court lacked subject matter jurisdiction to adjudicate the second action.

"The standard of review for a court's decision on a motion to dismiss is well settled. A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction. . . . [O]ur review of the court's ultimate legal conclusion and resulting [determination] of the motion to dismiss will be de novo. . . . When a . . . court decides a jurisdictional question raised by a pretrial motion to dismiss, it must consider the allegations of the complaint in their most favorable light." (Internal quotation marks omitted.) *Gold* v. *Rowland*, 296 Conn. 186, 200, 994 A.2d 106 (2010).

General Statutes § 51-164s provides in relevant part: "The Superior Court shall be the sole court of original jurisdiction for all causes of action, except such actions

over which the courts of probate have original jurisdiction, as provided by statute. . . .” “Subject matter jurisdiction involves the authority of a court to adjudicate the type of controversy presented by the action before it. 1 Restatement (Second), Judgments § 11. A court does not truly lack subject matter jurisdiction if it has competence to entertain the action before it. . . . Once it is determined that a tribunal has authority or competence to decide the class of cases to which the action belongs, the issue of subject matter jurisdiction is resolved in favor of entertaining the action. . . . It is well established that, in determining whether a court has subject matter jurisdiction, every presumption favoring jurisdiction should be indulged.” (Citations omitted; internal quotation marks omitted.) *Amodio* v. *Amodio*, 247 Conn. 724, 727–28, 724 A.2d 1084 (1999).

Our plenary review of the complaint in the second action; see *Grenier* v. *Commissioner of Transportation*, 306 Conn. 523, 536, 51 A.3d 367 (2012) (review of trial court’s construction of pleadings is plenary); indicates that the plaintiff’s second action is an effort to revive her personal injury action against Metro North pursuant to the accidental failure of suit statute. We agree with the plaintiff that a personal injury lawsuit is an action within the meaning of § 52-592 (a) and, therefore, Metro North’s motion to dismiss lacked merit. See *Ruddock* v. *Burrowes*, supra, 243 Conn. 570. The trial court had jurisdiction to adjudicate the second action and improperly dismissed the second action on jurisdictional grounds. We now turn to the question of whether the second action was viable under the accidental failure of suit statute.

The plaintiff claims that the court improperly dismissed the second action because she has a viable cause of action pursuant to § 52-592 (a) as judgment in the first action was rendered due to mistake, inadvertence or excusable neglect in that she failed to file a timely demand for a trial de novo. She argues that the judgment rendered by Judge Abrams, when she failed to file a motion for a trial de novo after the arbitrator’s decision was issued, is akin to a disciplinary dismissal. We are not persuaded. “Disciplinary dismissals refer to cases dismissed for [a] variety of punitive reasons, such as the failure to attend a scheduled pretrial conference . . . or the failure to close the pleadings in a timely manner.” (Citation omitted.) *Skinner* v. *Doelger*, supra, 99 Conn. App. 553–54. In the present case, there was no untoward behavior on the part of the plaintiff or her counsel in failing to obey an order of the court; the plaintiff submitted the first action to arbitration as ordered by the court. The arbitrator found in favor of Metro North and his decision was timely mailed to counsel for the parties. The plaintiff failed to file a timely demand for a trial de novo, and Judge Abrams rendered judgment in the first action in accordance with § 52-549z. The judgment was rendered as a matter

of law.

The plaintiff's claim requires us to construe § 52-592. "Statutory construction . . . presents a question of law over which our review is plenary." (Internal quotation marks omitted.) *Rosato* v. *Rosato*, 77 Conn. App. 9, 18, 822 A.2d 974 (2003). "When construing a statute, [o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of [the] case, including the question of whether the language actually does apply. . . . In seeking to determine the meaning, General Statutes § 1-2z directs us first to consider the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered." (Internal quotation marks omitted.) *Mickey* v. *Mickey*, 292 Conn. 597, 613–14, 974 A.2d 641 (2009).

Section 52-592 (a) provides in relevant part: "If any action, commenced within the time limited by law, has failed one or more times *to be tried on its merits* . . . for any matter of form . . . the plaintiff . . . may commence a new action . . . ." The words of the statute are plain and unambiguous. A new action may be commenced if an action has failed "to be tried on its merits." Pursuant to § 52-549u, "[t]he trial court is authorized to refer to an arbitrator any civil action in which the court has a reasonable expectation that the judgment will be less than $50,000." *Nunno* v. *Wixner*, 257 Conn. 671, 678, 778 A.2d 145 (2001). "The arbitrator is required to submit a decision in writing within 120 days after the hearing. . . . The parties then have the opportunity to request a trial de novo . . . within twenty days of the [mailing] of the arbitrator's decision. If neither party requests a trial de novo within twenty days, the decision of the arbitrator becomes the judgment of the court." (Citations omitted; footnote omitted.) Id., 679. Section 52-549z (a) provides that "[a] decision of the arbitrator shall become a judgment of the court if no appeal from the arbitrator's decision by way of a demand for a trial de novo" is filed within twenty days. See footnote 4 of this opinion. The plaintiff does not contend otherwise. As the plaintiff's counsel averred in his affidavit, the first action was submitted to arbitration under § 52-549u and arbitrated on December 1, 2017. The arbitrator rendered a decision in favor of Metro North and that decision was mailed to counsel for the parties on February 27, 2018. Judge Abrams rendered a judgment on the arbitrator's decision on March 21, 2018. By filing a motion to open the judgment, the plaintiff herself recognized that judgment had been rendered. The judgment in the first action was rendered

on the arbitrator's decision as a matter of law and, therefore, the plaintiff may not take advantage of § 52-592 because she has not met the factual predicate that the first action was not tried on its merits.

The case of *Legassey* v. *Shulansky*, 28 Conn. App. 653, 611 A.2d 930 (1992), is instructive. The plaintiffs in *Legassey* attempted for a second time to quash certain subpoenas served on their banks by the Commissioner of Banking. Id., 653–54. The trial court had granted the plaintiffs' first applications to quash and the Commissioner of Banking appealed to our Supreme Court, which reversed the judgment of the trial court. Id., 655. The plaintiffs again filed applications to quash the subpoenas on the same grounds. Id., 657–58. This court concluded that the dismissal of the first applications was a judgment on the merits and, thus, the second applications were barred by the doctrine of res judicata. Id., 656. The plaintiffs claimed that the second applications were permitted under the accidental failure of suit statute. Id., 658. This court disagreed. "Judgments based on the following reasons are not rendered on the merits: want of jurisdiction; pre-maturity; failure to prosecute, unavailable or inappropriate relief or remedy; lack of standing." (Internal quotation marks omitted.) Id. Significantly, judgments rendered pursuant to § 52-549u are not one of the enumerated judgments considered not rendered on the merits. This court stated that § 52-592 (a), "by its plain language, is designed to prevent a miscarriage of justice if the plaintiff fails to get a proper day in court due to the various enumerated procedural problems.[11] It is not a device for avoiding our [well settled] rules of res judicata." (Footnote added.) Id., 659.

The plaintiff argues that the judgment in the first action entered pursuant to § 52-549z was akin to a disciplinary dismissal. This argument is unpersuasive. The judgment in the first action was not a disciplinary dismissal—it was a judgment on the merits as authorized by a legislatively enacted statute to resolve cases pending on an overburdened docket.[12] It would be an anomaly for the legislature to pass a law to facilitate the resolution of judicial disputes by arbitration under the proviso that they were not tried on the merits. "The canons of statutory construction instruct us to interpret statutes using our common sense to avoid absurd results." *Bengtson* v. *Commissioner of Motor Vehicles*, 86 Conn. App. 51, 60, 859 A.2d 967 (2004), cert. denied, 272 Conn. 922, 867 A.2d 837 (2005). Judge Abrams rendered judgment in the first action after the arbitrator submitted his decision, which timely was sent to the parties, and the plaintiff failed to file a demand for a trial de novo within twenty days. This procedural history accords with § 52-549z. The judgment, therefore, was not merely a matter of form.

Our Supreme Court has stated with regard to cases

arising under § 52-592 (a) that it had "not often decided that a plaintiff, after a dismissal under an applicable rule of practice, should be denied access to the statute because the prior judgment was not a matter of form. When [it has] done so, [its] decision has focused on conduct other than mistake, inadvertence or excusable neglect. For example, [it has] held that § 52-592 (a) affords no relief in cases in which a plaintiff's prior action was dismissed because the plaintiff withdrew it voluntarily . . . or consented to its dismissal. Such consent may be inferred from a plaintiff's failure to file a memorandum in opposition to a defendant's motion to strike . . . or from a plaintiff's inordinate delay in appointing an administrator or executor." (Citations omitted; internal quotation marks omitted.) *Ruddock* v. *Burrowes*, supra, 243 Conn. 577–78. In the present case, the dispute between the parties with respect to the first action was resolved on its merits by an arbitrator in accordance with § 52-549u. The arbitrator found in favor of Metro North, issued a decision that was mailed to the parties, and the plaintiff failed to file a timely motion for a trial de novo.[13]

We conclude, therefore, that the second action is not saved by the accidental failure of suit statute. We are required to apply the statute as enacted by the legislature. The plaintiff's claim therefore fails.

## II

We now turn to the dissent, which relies heavily on the majority opinion in our Supreme Court's decision in *Nunno* v. *Wixner*, supra, 257 Conn. 671, to conclude that the judgment in the first action rendered as a result of compulsory arbitration under § 52-549z does not constitute a trial on the merits and that the plaintiff properly may bring the second action under the accidental failure of suit statute. We disagree that this case is controlled by *Nunno*.

Although *Nunno* and the present case arise out of personal injuries suffered by the respective plaintiffs and a trial court ordered that each case be arbitrated pursuant to § 52-549u and Practice Book § 23-61, the similarities end there. The statutes at issue in *Nunno* and the present case not only have different purposes but also are textually distinguishable. The issue in *Nunno* was whether the plaintiff motorist was entitled to interest under what was then known as the offer of judgment statute;[14] the issue in the present case is whether the plaintiff may bring a second action under the accidental failure of suit statute. Moreover, the language of the statutes relevant to their respective cases is entirely different.

The current revision of the statute at issue in *Nunno*, General Statutes § 52-192a (c), titled in part "Offer of compromise by plaintiff," provides in relevant part: "*After trial* the court shall examine the record to deter-

mine whether the plaintiff made an offer of compromise which the defendant failed to accept. If the court ascertains from the record that the plaintiff has recovered an amount equal to or greater than the sum certain stated in the plaintiff's offer of compromise, the court shall add to the amount so recovered eight percent annual interest . . . ." (Emphasis added.)[15] The determinative issue on appeal was what constituted a *trial*. The *Nunno* majority determined that compulsory arbitration pursuant to § 52-549u was not a trial. *Nunno* v. *Wixner*, supra, 257 Conn. 676–77.

The dissent argues that *Nunno* is not limited to its facts, even though the analysis in the present case concerns a different statute. The language of the statutes and decisional law do not support such an argument. The statute at issue in the present case is § 52-592, the accidental failure of suit statute, which provides in relevant part: "If any action, commenced within the time limited by law, has failed one or more times *to be tried on its merits* . . . for any matter of form . . . the plaintiff . . . may commence a new action . . . ." (Emphasis added.) General Statutes § 52-592 (a). The determinative issue in *Nunno* was what constituted a trial. The word *trial* does not appear in § 52-592 and, therefore, what constitutes a trial cannot be the determinative issue in the present case. The relevant language in § 52-592 is *tried on its merits*.

The majority in *Nunno* concluded that an arbitration conducted pursuant to § 52-549u was not a trial. *Nunno* v. *Wixner*, supra, 257 Conn. 678. This court, however, determined in *Tureck* v. *George*, 44 Conn. App. 154, 162, 687 A.2d 1309, cert. denied, 240 Conn. 914, 691 A.2d 1080 (1997),[16] that the words "after trial" mean final judgment. "After trial," however, is not at issue in the present case. Section 52-549z provides in relevant part: "(a) A decision of the arbitrator shall become a judgment of the court if no appeal from the arbitrator's decision by way of a demand for a trial de novo is filed . . . (d) . . . within twenty days after the deposit of the arbitrator's decision in the United States mail . . . ." The plaintiff failed to file a demand for a trial de novo and judgment entered in accordance with § 52-549z.

In addition to their textual distinctions, the different purposes and policies underlying the offer of compromise statute, § 52-192a, and the accidental failure of suit statute, § 52-592, militate against the dissent's position that the present case is controlled by *Nunno*. "The purpose of § 52-192a (b) is to encourage pretrial settlements and, consequently, to conserve judicial resources." (Internal quotation marks omitted). *Stiffler* v. *Continental Ins. Co.*, 288 Conn. 38, 43, 950 A.2d 1270 (2008). "[T]he strong public policy favoring the pretrial resolution of disputes . . . is substantially furthered by encouraging defendants to accept reasonable offers

of [compromise]. . . . Section 52-192a encourages fair and reasonable compromise between litigants by penalizing a party [who] fails to accept a reasonable offer of settlement. . . . In other words, interest awarded under § 52-192a is solely related to a defendant's rejection of an advantageous offer to settle before trial and his subsequent waste of judicial resources." (Internal quotation marks omitted.) *Birkhamshaw* v. *Socha*, 156 Conn. App. 453, 513, 115 A.3d 1, cert. denied, 317 Conn. 913, 116 A.3d 812 (2015). "The purpose of § 52-192a is to encourage pretrial settlement by penalizing a party [who] fails to accept a reasonable offer of settlement in any civil action based upon contract or seeking the recovery of money damages." (Internal quotation marks omitted.) *Aubin* v. *Miller*, 64 Conn. App. 781, 800, 781 A.2d 396 (2001).

By comparison, § 52-592 (a) "was passed to avoid hardships arising from an unbending enforcement of limitation statutes. . . . As [our Supreme Court has] also stated, however, the extension of time [in § 52-592 is] in terms made applicable to all cases where a suit seasonably begun [has] failed for the causes stated." (Internal quotation marks omitted.) *Megos* v. *Ranta*, 179 Conn. App. 546, 553, 180 A.3d 645, cert. denied, 328 Conn. 917, 180 A.3d 961 (2018). "Although § 52-592 should be broadly construed because of its remedial nature, it should not be construed so broadly as to hamper a trial court's ability to manage its docket by dismissing cases for appropriate transgressions. . . . Nevertheless, looming behind § 52-592 is the overarching policy of the law to bring about a trial on the merits of a dispute whenever possible and to secure for the litigant [his or her] day in court." (Internal quotation marks omitted.) *Boone* v. *William W. Backus Hospital*, 102 Conn. App. 305, 313, 925 A.2d 432, cert. denied, 284 Conn. 906, 931 A.2d 261 (2007).

To summarize, the rationale underlying our Supreme Court's decision in *Nunno* relied in significant part on the purpose of the offer of compromise statute, i.e., promotion of pretrial settlement. Arbitration satisfies many of the same goals underlying the offer of compromise statute, the efficient and less expensive resolution of the parties' dispute without the need for a full trial before a judge or jury. Thus, enforcing offers of compromise in cases that are resolved by arbitration does not advance those goals. By contrast, the accidental failure of suit statute is not intended to promote the informal resolution of the parties' dispute, but to assure, in certain circumstances, that litigants are able to have their disputes resolved on the merits. The arbitration that the parties in the present case engaged in clearly provided them with an opportunity to address the merits of the case. *Nunno*, therefore, does not control.

For all of the foregoing reasons, the plaintiff's appeal fails.

The form of the judgment is improper, the judgment dismissing the action is reversed and the case is remanded with direction to render judgment for the defendant.

In this opinion PRESCOTT, J., joined.

[1] Because we conclude that the second action is not saved by the accidental failure of suit statute, we need not address the plaintiff's remaining claims.

[2] "The Appellate Court, like the trial court, may take judicial notice of the files of the Superior Court in the same or other cases." (Internal quotation marks omitted.) *Wasson* v. *Wasson*, 91 Conn. App. 149, 151 n.1, 881 A.2d 356, cert. denied, 276 Conn. 932, 890 A.2d 574 (2005).

[3] General Statutes § 52-549u provides in relevant part: "[T]he judges of the Superior Court may make such rules as they deem necessary to provide a procedure in accordance with which the court, in its discretion, may refer to an arbitrator, for proceedings authorized pursuant to this chapter, any civil action in which in the discretion of the court, the reasonable expectation of a judgment is less than fifty thousand dollars exclusive of legal interest and costs and in which a claim for a trial by jury and a certificate of closed pleadings have been filed. An award under this section shall not exceed fifty thousand dollars, exclusive of legal interest and costs. . . ."

[4] General Statutes § 52-549z provides in relevant part: "(a) A decision of the arbitrator shall become a judgment of the court if no appeal from the arbitrator's decision by way of a demand for a trial de novo is filed in accordance with subsection (d) of this section.

"(b) A decision of the arbitrator shall become null and void if an appeal from the arbitrator's decision by way of a demand for a trial de novo is filed in accordance with subsection (d) of this section. . . .

"(d) *An appeal by way of a demand for a trial de novo must be filed with the court clerk within twenty days* after the deposit of the arbitrator's decision in the United States mail, as evidenced by the postmark, and it shall include a certification that a copy thereof has been served on each counsel of record, to be accomplished in accordance with the rules of court. . . ." (Emphasis added.)

[5] General Statutes § 52-592 (a) provides in relevant part: "If any action, commenced within the time limited by law, has failed one or more times to be *tried on its merits* because of insufficient service or return of the writ due to unavoidable accident or the default or neglect of the officer to whom it was committed, or because the action has been dismissed for want of jurisdiction, or the action has been otherwise avoided or defeated by the death of a party or for any matter of form; or if, in any such action after a verdict for the plaintiff, the judgment has been set aside, or if a judgment of nonsuit has been rendered or a judgment for the plaintiff reversed, the plaintiff, or, if the plaintiff is dead and the action by law survives, his executor or administrator, may commence a new action . . . . " (Emphasis added.)

[6] The premise of the plaintiff's claim is incorrect. The first action was not dismissed. Pursuant to § 52-549z (a) and (d); see footnote 4 of this opinion; Judge Abrams rendered judgment in favor of Metro North as a matter of law. The arbitrator's decision in favor of Metro North became a judgment of the court when the plaintiff failed to demand a trial de novo twenty days after the arbitrator's decision was mailed to the parties.

[7] In *Ruddock*, the trial court dismissed the personal injury action pursuant to what is now Practice Book § 14-3, titled Dismissal for Lack of Diligence, because the named plaintiff's mother and the plaintiff's attorney failed to attend a scheduled pretrial conference. *Ruddock* v. *Burrowes*, supra, 243 Conn. 570–71.

[8] In her appellate brief, the plaintiff states that she objected to Metro North's motion to dismiss the second action because the doctrine of res judicata properly is raised by way of a special defense, citing *Metcalfe* v. *Sandford*, 271 Conn. 531, 535 n.4, 858 A.2d 757 (2004). She noted, however, that a trial court may consider the motion to dismiss, if the plaintiff has no objection; id.; and that "once the defense of res judicata has been raised the issue may be resolved by way of summary judgment." *Zizka* v. *Water Pollution Control Authority*, 195 Conn. 682, 687, 490 A.2d 509 (1985). The plaintiff agreed to resolve the question of res judicata by motion to dismiss.

[9] The proper procedure by which to assert that a claim is barred by the doctrine of res judicata is to plead it as a special defense. See Practice Book § 10-50 ("res judicata must be specially pleaded"). In its brief on appeal, Metro North has conceded that a defense of res judicata does not deprive

the trial court of subject matter jurisdiction and that its motion to dismiss was "inartful."

[10] In her brief, the plaintiff suggests that Judge Abrams abused his discretion by failing to grant her motion to open the judgment in the first action. The propriety of Judge Abrams' decision is not before us in the present appeal. By failing to take an appeal from the denial of her motion to open, the plaintiff acquiesced in the denial. See, e.g., *Ruddock* v. *Burrowes*, supra, 243 Conn. 577–78 (consent inferred by failure to file memorandum in opposition to motion to strike).

[11] See footnote 4 of this opinion.

[12] "The legislative history of § 52-549u indicates that the primary goal in enacting § 52-549u was to reduce the backlog of civil jury cases . . . . See 25 S. Proc., Pt. 11, 1982 Sess., p. 3658, remarks of Senator Howard T. Owens, Jr. (explaining that '[t]he court system in the [s]tate is being choked by new cases . . . all types of civil cases. . . . It's just, [courts are] inundated with the stuff and [at] some stage we're going to have to start weeding this out and I think this is a step in the right direction.') . . . see also 40 S. Proc., Pt. 4, 1997 Sess., pp. 1260–1261, remarks of Senator Thomas F. Upson ('[W]hatever we can do to unclog the system . . . is good. . . . It's not an alternate dispute, it's arbitration, but it's one way to expedite cases so that people won't be in the system two, three, four or five years.')." (Emphasis omitted.) *Nunno* v. *Wixner*, supra, 257 Conn. 687–88 (*Katz, J.*, dissenting).

[13] The plaintiff asked that we reverse the judgment of dismissal and remand the case for a factual determination as to whether the first action failed to be tried on the merits due to mistake, inadvertence, and/or excusable neglect. The first action, however, was tried on its merits. Even if that were not the case, no purpose would be served by such a factual determination. Judgment was rendered in favor of Metro North in the first action because counsel failed to file a timely demand for a trial de novo as required by statute. In his affidavit, counsel admitted that neither he nor a member of his staff was in his office for a period of time in March, 2018, to receive notices from the clerk's office and that he did not file a motion for a trial de novo within twenty days of receiving notice of the arbitrator's decision. "Under the law of this state, judgments may be opened under Practice Book § 17-4 or General Statutes § 52-212a for a variety of reason, including fraud, mistake, duress or as otherwise provided by law . . . . *Kim* v. *Magnotta*, 249 Conn. 94, 104, 733 A.2d 809 (1999)." (Footnotes omitted; internal quotation marks omitted.) *Nastro* v. *D'Onofrio*, 76 Conn. App. 814, 820–21, 822 A.2d 286 (2003). Negligence of a party or her counsel for judgments entered upon default or similar procedural reasons do not provide relief to the plaintiff. See, e.g., *State* v. *Ritz Realty Corp.*, 63 Conn. App. 544, 548–49, 776 A.2d 1195 (2001) (negligence of party's counsel is insufficient for purposes of § 52-212 to set aside default judgment).

[14] The statute at issue in *Nunno* was General Statutes (Rev. to 2001) § 52-192a, titled "Offer of judgment by plaintiff. Acceptance by Defendant. Computation of interest," which provides in relevant part: "*After trial* the court shall examine the record to determine whether the plaintiff made an 'offer of judgment' which the defendant failed to accept." (Emphasis added.) General Statutes (Rev. to 2001) § 52-192a (b).

At the time of the arbitration in the present case and now, the statute is titled "Offer of compromise by plaintiff," "Acceptance by defendant," and "Amount and computation of interest," and provides in relevant part: "*After trial* the court shall examine the record to determine whether the plaintiff made an offer of compromise which the defendant failed to accept. . . ." (Emphasis added.) General Statutes § 52-192a (c). There were other amendments to the statute, but they are not relevant to the present appeal. The dissent in the present case focuses on the words *after trial*, but those words do not appear in § 52-592 (a). The words in § 52-592 (a) that are relevant to the present case are *tried on its merits*. The texts of the two statutes are clearly distinguishable and, therefore, *Nunno* cannot control the present case.

[15] In *Nunno*, the injured motorist filed an "offer of judgment" under § 52-192a (a), which the defendants did not accept. *Nunno* v. *Wixner*, supra, 257 Conn. 674. The case was referred to the mandatory arbitration program. Id., 674–75. The arbitrator awarded the motorist damages that exceeded her offer of judgment; the award became a judgment of the court. Id., 675. The motorist filed a motion seeking interest on her offer of judgment pursuant to § 52-192a (b). Id., 676. The trial court denied the motorist's motion, and she appealed. Id. In a divided decision, our Supreme Court affirmed the trial court's decision, concluding that arbitration "is not a trial within the

meaning of § 52-192a (b) . . . [because it] would undermine the purposes of the court-mandated arbitration statute." Id., 676–77.

[16] In *Tureck*, another personal injury action, the plaintiff filed a motion for summary judgment as to liability only, which was granted by the trial court. *Tureck* v. *George*, supra, 44 Conn. App. 156. This court determined that summary judgment as to liability in favor of the plaintiff is not a final judgment from which an appeal may be taken. Id., 157.

---